IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHARLES L. HANCOCK                                                                               PLAINTIFF

v.                                         Civil No. 1:19-cv-01016

DOUG NORWOOD, Sheriff Ouachita
County; and CAMERON OWENS, Jail
Administrator Ouachita Detention Center                                                          DEFENDANTS

# ORDER

Before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Charles L. Hancock filed this 42 U.S.C. § 1983 action *pro se* on May 1, 2019. (ECF No. 1). In response to this Court's order, Plaintiff filed an Amended Complaint on May 22, 2019. (ECF No. 7). On December 27, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 13). That same day, the Court entered an order directing Plaintiff to file a response to the summary judgment motion by January 17, 2020. (ECF No. 16). On January 14, 2020, the order directing Plaintiff to file a response was returned as undeliverable. (ECF No. 17).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 19th day of February 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge